IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Anthony Derome Richardson, | ) | Case No.: 8:21-cv-00899-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Warden of Trenton Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacqueline D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Anthony Derome Richardson ("Richardson" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, brought this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.  (DE 1.)

Petitioner filed a writ of habeas corpus on March 26, 2021, challenging his conviction in the Union County Court of General Sessions for multiple counts of distributing counterfeit CDs and DVDs.  (DE 1.)  On June 11, 2021, Respondent Warden of Trenten Correctional Institution ("Warden" or "Respondent") filed a return and memorandum to the Petition (DE 17) and a Motion to Dismiss (DE 18).  Respondent contends among other things that a requirement for seeking federal habeas relief is that the Petitioner must be "in custody" for the conviction and sentence he seeks to challenge as unlawful, citing Maleng v. Cook, 490 U.S. 488, 490–91, 494, 109 S.Ct. 1923,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

104 L.Ed.2d 540 (1989) (per curiam) (holding that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed" and that a petitioner's failure to establish the in custody element prevents a federal habeas court from exercising subject matter jurisdiction). (DE 17, p. 10.) Petitioner does not dispute that he is not in custody for his distributing counterfeit CDs and DVDs conviction.

The Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the motion on June 14, 2021. (DE 19.) Petitioner then filed a response in opposition to the Motion to Dismiss on October 1, 2021. (DE 34.) Respondent filed a reply on October 8, 2021. (DE 35.) On October 27, 2021, the Magistrate issued a Report recommending Respondent's Motion to Dismiss be granted because among other things the Court lacks jurisdiction over this action because Petitioner is no longer in custody for the counterfeit recording conviction. (DE 41.)

Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss is granted, and Richardson's Petition is dismissed for failure to state a plausible claim for relief for the Court to

exercise jurisdiction. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

December 10, 2021
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.